UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

*RECEIVED & FILED*
*'01 FEB -8  P 0 54*
*CLERKS OFFICE*
*U. DISTRICT COURT*
*SAN JUAN PR*

JOSE ANTONIO VIERA-RIVERA,　　*
　　　Petitioner,　　　　　　　*
　　　　　　　　　　　　　　　*
　　　　v.　　　　　　　　　　*
　　　　　　　　　　　　　　　*
UNITED STATES OF AMERICA,　　*
　　　Respondent.　　　　　　 *

CIVIL NO.  98-1587(PG)
CR. NO.    94-391(PG)

### ORDER

On June 9, 2000 the Court denied and dismissed petitioner Antonio J. Viera-Rivera's motion to vacate sentence under 28 U.S.C. § 2255. Petitioner appearing <u>pro se</u> now files a motion for issuance of certificate of appealability. (Docket No. 14).

A certificate of appealability ("COA") may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right", 28 U.S.C. § 2253(c)(2), <u>i.e.</u>, showing "that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are 'adequate to deserve encouragement to proceed further'." <u>Barefoot v. Estelle</u>, 463 U.S. 880, 892, 893 n.4 (1983) (citations omitted); <u>see also United States v. Barrett</u>, 178 F.3d 34 (1st Cir. 1990).

Petitioner "once again asks the Court to decide whether Federal Criminal Statute § 2119 creates offense elements (determined by a jury) or sentencing factors (determined by a judge)." (Petitioner's Application For Certificate Of Appealability at p. 2).



AO 72A
(Rev. 8/82)



Civil No. 98-1587(PG)                                    Page2
Cr. No.  94-391(PG)

Petitioner knows and so does the Court as acknowledged in its opinion and order that the issue was decided in <u>Jones v. United States</u>, 526 U.S. § 227 (1999).  The Supreme Court held that subsections (1), (2) and (3) of § 2119 do not simply set forth sentencing options for the judge, but rather define separate offenses.  See <u>U.S. v. Perez-Montañez</u>, 202 F.3d 434, 441 (1st Cir. 2000).

Petitioner incorrectly assumes that the court did not require the jury to prove the offense elements of § 2119(3)[1] when it concluded in its opinion and order of June 9, 2000 that the jury was properly informed of the law defining said offense.  What the court did was to examine the jury instructions to determine whether it omitted to instruct the jury that they could convict petitioner of violating § 2119(3) only if they found beyond reasonable doubt that Raul Morales Cotto's death resulted from the carjacking.  Should the Court find that the instruction was omitted then it had to determine whether the omission constituted "a fundamental defect" that resulted in a "complete miscarriage of justice".

The Court following the First Circuit opinion of <u>Perez-Montañez</u>, <u>supra</u>, concluded: the fact that the jury was informed of the law to

_____

[1]

The jury had to find beyond a reasonable doubt that the death resulted from the carjacking.

Civil No. 98-1587(PG)                                                              Page3
Cr. No.   94-391(PG)

apply to the case, together with the overwhelming evidence that the

carjacking resulted in death coupled with the verdicts rendered

forestalled a conclusion that the omission of an instruction on the

subsection (3) element could have seriously affected the fairness and

integrity of the judicial proceedings.  The Court fails to see how

the issue presented by Viera-Rivera in its § 2255 motion is debatable

among jurists of reasons or that a court could resolve the issue in

a different manner.   Therefore petitioner has failed to make a

substantial showing of the denial of a constitutional right.   A

certificate of appealability will not be issued.  <u>See</u> 28 U.S.C. §

2253(c)(1)(2); Fed. R. App. P. 22(b).

    For the foregoing reasons, the Court **DENIES** Antonio J. Viera-

Rivera's request for a certificate of appealability.  (Docket No.

14).

    **IT IS SO ORDERED.**

    San Juan, Puerto Rico _February____ 6___, 2001.


                                        _Juan M. Pérez Giménez_
                                        JUAN M. PEREZ-GIMENEZ
                                        U.S. District Judge